23-11279

# In the United States Court of Appeals for the Eleventh Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

CRAIG SELLERS, III

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Northern District of Florida

———————————

**APPELLANT'S INITIAL BRIEF**

———————————

H. MANUEL HERNÁNDEZ
Florida Bar Number 0775843
620 East Club Circle
Longwood, FL 32779
Telephone (407) 682-5553
FAX (407) 682-5543
E-mail: manny@hmh4law.com

Date: August 16, 2023

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Defendant-Appellant Craig Sellers, III, through his undersigned court appointed counsel, and pursuant to United States Court of Appeals for the Eleventh Circuit Local Rules (Rev. 04/01/23) 11th Cir. R. 26.1-1 and 11th Cir. R. 28-1(b), hereby files his Certificate of Interested Persons and certifies that the following persons have an interest in this appeal or have participated as judges or attorneys in the adjudication of this case:

Bolitho, Zachary C., United States Magistrate;

Cannon, Hope Thai, United State Magistrate Judge;

Cobb, Lauren, Assistant Federal Public Defender;

Coody, Jason R., United States Attorney;

Davies, Robert G., Assistant United States Attorney;

Debelder, Joseph Frans, Federal Public Defender;

Hernández, H. Manuel, appointed appeal attorney;

Keith, Thomas, defense attorney;

Narramore, Walter E., Assistant United States Attorney;

Sellers, Craig, III, defendant/appellant;

Tharp, Jeffrey, Assistant United States Attorney;

Wetherell, T. Kent II, United States District Judge.

This is a drug case and there are no identifiable victims.

There is no known publicly traded company or corporation that has an interest in the outcome of this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant does request the opportunity to present oral argument, and respectfully submits that oral argument will assist the Court in deciding the issues raised in this appeal.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS
    AND CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . C  1 of  2

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . .  iii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vii

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  viii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

    The Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
    The Guilty Plea. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2
    The Sentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

STANDARDS OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

    Sentencing Guidelines Error. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION . .  12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

# TABLE OF CITATIONS

## CASES

*Baker v. United States,* 412 F.2d 1069 (5th Cir.1969) . . . . . . . . . . . . . . . . . . . . . . 11

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981)  . . . . . . . . . . . . . . . . 11

*Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586,
   169 L.Ed.2d 445 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*United States v. Azmat,* 805 F.3d 1018 (11th Cir.   2015) . . . . . . . . . . . . . . . . . . . 11

*United States v. Barner*, 572 F.3d 1239 (11th Cir. 2009). . . . . . . . . . . . . . . . . . . 6

*United States v. Blake*, 868 F.3d 960 (11th Cir. 2017)  . . . . . . . . . . . . . . . . . . . 7, 11

*United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . 6, 7, 11

*United States v. McCullough*,851 F.3d 1194 (11th Cir.), *cert. denied,*
   ___ U.S. ___, 137 S.Ct. 2173, 198 L.Ed.2d 242 (2017) . . . . . . . . . . . . . . . . . 7, 11

*United States v. Melgen,* 967 F.3d 1250 (11th Cir. 2020) . . . . . . . . . . . . . . . . . 6, 11

*United States v. Nagel*, 835 F.3d 1371 (11th Cir. 2016) . . . . . . . . . . . . . . . . . . 6, 11

*United States v. Rodríguez,* ___ F.4th ___, 2023 WL 4873851 (11th Cir. 2023). . . . 6

## STATUTES

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

## RULES

*Fed. R. App. P.* 4(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

**OTHER AUTHORITIES**

U.S.S.G. § 4A1.2(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**U.S. CONSTITUTION**

U.S. Const. amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATEMENT OF JURISDICTION

This is an appeal of the Defendant-Appellant's conviction, sentence and judgment in a criminal case prosecuted in the United States District Court for the Northern District of Florida, Pensacola Division, and entered on April 4, 2023. (Doc. 41) [App. 23][1].  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, which gives the U.S. Courts of Appeals jurisdiction over all final decisions and sentences of United States District Courts.  On April 17, 2023, a seasonable notice of appeal was filed pursuant to *Fed. R. App. P.* 4(b)(1)(A) appealing the sentence and judgment. (Doc. 43) [App. 30].

---

[1]References to the record will be made to the document number on the docket, followed by citation to the specific page in the document when appropriate in parentheses as follows: (Doc. #, at p. #). If the document is included in the Appendix, the bracketed parenthetical citation will be followed by a bracketed reference identifying the document in the Appendix by the first Appendix page number identifying the document's location in the Appendix as follows: *See,* Indictment (Doc. 1, at p. 1) [App. # at App. #]. References to transcripts will be made as follows: Proceeding (Doc. # at page #), *e.g.,* Sentencing Hrg. (Doc. 52 at pp. 2-3); Change of Plea Hrg. (Doc. 27 at p. 10).  Any non-public documents, such as the Presentence Report, or any sealed documents will referred to by name and document number and identified as sealed as follows: Presentence Report (Doc. 38) (SEALED). If any such documents are referenced herein, they will be submitted to the Court under separate cover under seal in accordance with the rules and procedures of the Court.

**STATEMENT OF THE ISSUE**

WHETHER THE DISTRICT COURT COMMITTED ERROR BY DENYING THE DEFENDANT-APPELLANT'S REQUEST FOR A DOWNWARD VARIANCE OF HIS CRIMINAL HISTORY CATEGORY FROM A CRIMINAL HISTORY CATEGORY III TO A CRIMINAL HISTORY CATEGORY II BASED ON THREE PREVIOUS STATE CRIMINAL CHARGES THAT HAD BEEN RESOLVED ON OR ABOUT THE SAME TIME AT RELATED COURT PROCEEDINGS BUT WERE SCORED SEPARATELY IN THE FINAL PRESENTENCE REPORT, *DE FACTO*, PUNISHING THE DEFENDANT FOR EXERCISING HIS RIGHT TO TRIAL IN A PRIOR STATE PROCEEDING, RESULTING IN AN ENHANCED SENTENCE THAT WAS UNREASONABLE.

## STATEMENT OF THE CASE

### The Charges

Defendant-Appellant Craig Sellers, III (hereinafter "Mr. Sellers") was indicted on October 5, 2022, in a five count indictment charging Mr. Sellers with distribution of 50 grams or more of methamphetamine (Count One); distribution of 50 grams or more of methamphetamine (Count Two); possession with intent to distribute 50 grams or more of methamphetamine and cocaine (Count Three);  possession of a firearm in furtherance of a drug trafficking crime (Count Four ); and possession of a firearm by a convicted felon (Count Four ). *See,* Indictment (Doc. 14); Transcript Arraignment (Doc. 53 at pp. 3-4); Final Presentence Report (Doc. 38 at p.4). In essence, Mr. Sellers was charged with making several sales of illegal narcotics to an undercover federal agent, of having illegal drugs in his vehicle when he was arrested, and for having illegal narcotics and various firearms in his residence when the agents searched it after Mr. Sellers was arrested. *See* Plea Agreement, (Doc. 29) [App. 15] Statement of Facts (Doc. 42S at 1-5) [SEALED]; Mr. Sellers' Final Presentence Report (Doc. 38 at pp. 5-9, paragraphs 14 to 22).

1

### The Guilty Plea

On January 11, 2023, Mr. Sellers appeared before the a U.S. Magistrate Judge to enter his plea of guilty to counts 1-5 of the indictment pursuant to a written plea agreement. *See,* Mr. Sellers' Plea Agreement (Doc. 29) [App. 15]; Statement of Facts (Doc. 42S) [SEALED]; Supplemental Plea Agreement Facts (Doc. 31S) [SEALED]; Minutes Change of Plea Hrg. 01-11-2023 (Doc. 27); Transcript of Change of Plea Hrg. (Doc. 50); Magistrate Judge's Report and Recommendation To Accept Change of Plea (Doc. 32); District Judge's Order Accepting Report and Recommendation (Doc. 33). At the change of plea hearing the Magistrate Judge examined Mr. Sellers regarding his educational background, confirmed that he spoke and read English, had no history of mental health issues, and was competent to enter a guilty plea. Transcript of Change of Plea Hrg. (Doc. 50 at pp. 3-6). The Magistrate Judge also reviewed Mr. Sellers' right to proceed to trial, reviewed the charges in the indictment, discussed the Plea Agreement, the Sentencing Guidelines and potential penalties, and confirmed that Mr. Sellers reviewed and discussed everything related to his charges and plea agreement with his defense counsel and that he was satisfied with his defense counsel. *Id.* (Doc. 50 at 6-25).   Mr. Sellers then entered pleas of guilty to all of the charges in the indictment and his defense counsel raised no objection to the proceedings. *Id.* (Doc. 50 at 26-28); Minutes Change of Plea Hrg. 01-11-2023 (Doc. 27).

2

**The Sentencing**

The sentencing hearing was held on March 30, 2023. *See* Minutes Sentencing Hrg. 3-30-2023 (Doc. 40); Transcript of Sentencing Hrg. (Doc. 52). After the District Judge confirmed that Mr. Sellers had reviewed and discussed his Final Presentence with his defense counsel and neither had any objection to the Presentence Report the District Judge adopted the Presentence Report Sentencing Guideline scoring and recommended sentencing range as follows:

> . . . a total offense level of 29, a Criminal History Category of III, which would normally be a guideline range of 108 to 135 months. But with the ten-year mandatory minimum that applies to the drug count, number one and number -- I guess all three of the drug -- all three of the drug counts. That would be a guideline range of 120 to 135 months, but with the 60-month minimum on the 924(c) count, Count Four, that would be an effective guideline range of 180 to 195 months.

Transcript of Sentencing Hrg. (Doc. 52 at 2-4); Mr. Sellers' Final Presentence Report (Doc. 38 at pp. 10-23, 29-31, paragraphs 22 to 69, 102-123).

Mr. Sellers made no objection to the Final Presentence Report's Sentencing Guidelines calculations but did seek a downward variance of his criminal history category from a III to a II arguing that such a downward variance was appropriate and was needed to avoid the potential of an unwarranted disparity among similarly situated defendants and denial of the downward variance could result in  Mr. Sellers being penalized under the guidelines for briefly exercising his constitutional right to

3

proceed to trial in a previous state criminal case. *See* Mr. Sellers' Response to the Presentence Report (Doc. 37 at pp. 1-2) [App. 20 pp 21-22]. According to the sentencing transcript, the District Judge considered defense counsel request for a downward variance of the criminal history category, and although apparently agreeing with the argument, ultimately rejected the request based on, among other things, Mr. Sellers' criminal record and the amount of firearms he had in his home when he was arrested. *See,* Transcript of Sentencing Hrg. (Doc. 52 at 9-12, 27-31, 34). The District Judge then sentenced Mr. Sellers as follows:

> Defendant adjudged guilty as to Counts 1 - 5; Defendant is committed to the custody of BOP for a total term of 195 months: 135 months as to Counts 1, 2, 3 and 5, with concurrent terms and 60 months as to Count 4, consecutive to terms in Counts 1, 2, 3 and 5; 5 years Supervised Release as to Counts 1 - 4, 3 years as to Count 5, with concurrent terms; $500 SMA; Fine waived.

Minutes Sentencing Hrg. 3-30-2023 (Doc. 40); Transcript of Sentencing Hrg. (Doc. 52 at 30-32); Judgment (Doc. 41 at p. 2) [App. 23]; Statement of Reasons (Doc. 42S) [SEALED].

At present Mr. Sellers is incarcerated serving his sentence.

4

## SUMMARY OF THE ARGUMENT

The District Court committed error by denying the defendant-appellant's request for a downward variance of his criminal history category from a criminal history category III to a criminal history category II based on three previous state criminal charges that had been resolved on or about the same time at related court proceedings, but were scored separately in the final presentence report, *de fact*o, punishing the defendant for exercising his right to trial in a prior state proceeding, resulting in an enhanced federal sentence that was illegal and unreasonable

## ARGUMENT

**THE DISTRICT COURT COMMITTED ERROR BY DENYING THE DEFENDANT-APPELLANT'S REQUEST FOR A DOWNWARD VARIANCE OF HIS CRIMINAL HISTORY CATEGORY FROM A CRIMINAL HISTORY CATEGORY III TO A CRIMINAL HISTORY CATEGORY II BASED ON THREE PREVIOUS STATE CRIMINAL CHARGES THAT HAD BEEN RESOLVED ON OR ABOUT THE SAME TIME AT RELATED COURT PROCEEDINGS BUT WERE SCORED SEPARATELY IN THE FINAL PRESENTENCE REPORT, *DE FACTO*, PUNISHING THE DEFENDANT FOR EXERCISING HIS RIGHT TO TRIAL IN A PRIOR STATE PROCEEDING, RESULTING IN AN ENHANCED FEDERAL SENTENCE THAT WAS UNREASONABLE**

### STANDARDS OF REVIEW

#### Sentencing Guidelines Error

This Court reviews the District Court's application of the Sentencing Guidelines *de novo*. *United States v. Rodríguez,* __ F.4th __, 2023 WL 4873851 at *4 (11th Cir. 2023); *United States v. Barner*, 572 F.3d 1239, 1247 (11th Cir. 2009). The reasonableness of sentences imposed by District Courts is reviewed under the abuse of discretion standard of review. *Id.; see, Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); *United States v. Melgen,* 967 F.3d 1250, 1264 (11th Cir. 2020); *United States v. Nagel*, 835 F.3d 1371, 1376 (11ᵗʰ Cir. 2016); *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) *(en banc)*. A District Judge imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant

6

weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Blake*, 868 F.3d 960, 978 (11th Cir. 2017), *citing, United States v. Irey*, 612 F.3d at 1188-89; *United States v. McCullough*, 851 F.3d 1194, 1202 (11th Cir.), *cert. denied,* ___ U.S. ____, 137 S.Ct. 2173, 198 L.Ed.2d 242 (2017).

### The District Judge, *De Facto*, Punished the Defendant for Exercising His Right to Trial in a Prior State Proceeding, Resulting in an Unreasonable Enhanced Sentence

Although Mr. Sellers had no objection to the Final Presentence Report's Sentencing Guidelines calculations, defense counsel did seek a downward variance of Mr. Sellers' criminal history category from a III to a II arguing as follows:

> Mr. Sellers acknowledges that under the technical application of U.S.S.G. § 4A1.2(a)(2), his convictions in Escambia County case numbers 17CF1090 (PSR ¶ 52) and 17CF1042 (PSR ¶ 54) are counted separately, but he asserts that a variance is appropriate to treat them as if they were a single sentence.

> Mr. Sellers was arrested on February 16, 2017, for the three offenses outlined in PSR paragraphs 52, 53, and 54. The three cases were assigned to the same judge, and would have counted as one case, but for the fact that they were resolved on different dates. Mr. Sellers pled guilty and was sentenced in case number 17CF1042 on January 2, 2018. PSR ¶ 54. On that same date, he declined to accept the state's offer on case numbers 17CF1041 and 17CF1090 and instead exercised his constitutional right to set both cases for trial. PSR ¶s 52-53. Prior to his trial date, the state amended its offer to no additional prison time other than that which was imposed on January 2, 2018, and Mr. Sellers accepted that offer on January 19, 2018.

A downward variance to criminal history category II is appropriate because treating these cases separately, while technically correct under the guidelines, has the potential to result in an unwarranted disparity among similarly situated defendants. Mr. Sellers should not now be penalized under the guidelines for briefly exercising his constitutional rights.

Mr. Sellers' Response to the Presentence Report (Doc. 37 at pp. 1-2) [App. 20 pp. 21-22]. Mr. Sellers' trial counsel also elaborated on his argument for a downward variance of the criminal history category during the sentencing hearing:

I want to start, Your Honor, just before I forget, and talk about my argument that I made in the presentence -- in our response to the presentence report about a downward variance to Criminal History Category II for Mr. Sellers.

Mr. Sellers had these three cases that all -- and it's paragraphs 52, 53, and 54 of the presentence report that all – he was arrested for all of them on the same date. He was in front of the same judge. He received the same sentence on all of them. But the reason that they are not all counted as one sentence is that he resolved one case first and then the other two a few weeks later.

And what actually happened is that Mr. Sellers pled guilty to -- or no contest to the drug case, which is in paragraph 54, and set the other two cases for trial. Because if you note from the presentence report, he was originally charged with robbery in paragraph 52. He set that case and the case in paragraph 53 for trial because he denied that he committed a robbery.

And so he pled to what he admitted to and then essentially said, I feel like I'm overcharged and what you're offering me is too much on the other two. And basically in a matter of a few weeks, after he set the other two for trial, the Government said, Okay. You're right. We don't disagree with that. We'll reduce the charges, and we'll offer you the same sentence that you've already received on the drugs.

And so when it really came down to try the case, the Government decided that amending their offer was more appropriate for Mr. Sellers. And so now, because he did not accept the plea to all three of them at the same time, which would have involved him receiving a higher prison sentence and pleading to something that he actually did not do, which is the robbery, he's actually in a higher Criminal History Category in this case.

***And so our position is that he shouldn't be penalized for exercising his constitutional rights for a matter of two – I think it's two to three weeks. And when you look at everything -- at all three of the cases and you see how it all turned out and understand why they were resolved on different dates, our position is that, again, it has the potential to really result in unwarranted sentencing disparities.***

***Mr. Sellers is more appropriately in Criminal History Category II instead of Category III.***

And it doesn't -- it changes the guidelines a little bit. In Category II his range before the minimum mandatory is 97 to 121 months, so that would become 120 to 121 months. So the minimum mandatory is still within that range. The same -- I mean, it was sort of right in the middle of the range if he's in Category III.

THE COURT: Just to finish the thought, his effective guideline range under your argument would be 180 to 181?

MS. COBB: Correct. Yes, Your Honor.

Transcript of Sentencing Hrg. (Doc. 52 at 9-12) (Emphasis added).

According to the sentencing transcript, the District Judge considered defense counsel request for a downward variance of the criminal history category, it appears agreed with the reasoning, but ultimately rejected the request based on Mr. Sellers'

criminal record and the amount of firearms he had in his home when he was arrested.

*See,* Transcript of Sentencing Hrg. (Doc. 52 at 9-12, 27-31, 34). However, the District

Judge's reasoning is far from clear.

> So looking at, you know, the sentence here, the guideline range starts at the mandatory minimum of 15 years, 180 months, and goes to 195 months. ***I certainly understand [Defense Counsel's] argument. And I think it's a reasonable argument that had things gone a little bit differently in the state system, and particularly the way that one case shook out, it would have all been sentenced on the same date, you would be looking at a guideline range of 180 to 181 months.***

> And ***so in a evaluating what an appropriate sentence is, I'm going to kind of -- in my mind, I'm looking at the 180 to 195 months as the correct legal range, but I am going to – because I find persuasive Ms. Cobb's argument under these circumstances that, as a practical matter, what the guideline range is really the 180 to 181 months. And so that's kind of – in evaluating what an appropriate sentence is, that's where I'm going to kind of start my thought process.***

> ***. . .***

> ***And so all things considered, even though I do think the guideline range that Ms. Cobb wanted me to consider is the one that I'm kind of in my mind looking at, I do think a sentence above that is where it needs to be. And that said, you know, I do think a range of the 180 to 195, which was the range we started with, I think even taking into consideration where she was, I think I'm not going to go above that. And so the sentence I'm going to impose in this case is 195-month sentence.***

Transcript of Sentencing Hrg. (Doc. 52 at p. 28, 30) (Emphasis added).

In rejecting the request for a downward variance, the District Judge ended up

imposing a sentence some 14 months higher than the top of the sentencing range the

District Judge apparently agreed was appropriate. *Id.;* Minutes Sentencing Hrg. 3-30-2023 (Doc. 40); Transcript of Sentencing Hrg. (Doc. 52 at 30-32); Judgment (Doc. 41 at p. 2) [App. 23]; Statement of Reasons (Doc. 42S) [SEALED]. It is respectfully submitted that in so doing*,* and denying the request for a downward variance of the criminal history category, the resulting sentence was unreasonable, unfair, *de facto* punished Mr. Sellers for temporarily exercising his right to trial in his prior State criminal proceedings in violation of his Sixth Amendment rights, and was in the end was an abuse of discretion. *Gall v. United States*, 552 U.S. at 46, 128 S.Ct. at 594; *United States v. Melgen,* 967 F.3d at 1264; *United States v. Blake*, 868 F.3d at 978; *United States v. McCullough*, 851 F.3d at 1202; *United States v. Nagel*, 835 F.3d at 1376; *United States v. Irey*, 612 F.3d at 1188-89; *see generally, United States v. Azmat,* 805 F.3d 1018, 1048-49 (11ᵗʰ Cir. 2015) (This court noting that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." U.S. Const. amend. VI. . . . "'[A]n accused cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty.'"), *quoting, Baker v. United States,* 412 F.2d 1069, 1073 (5th Cir.1969)[2].

---

[2]The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

## CONCLUSION

THEREFORE, Appellant-Defendant CRAIG SELLERS, III, respectfully requests that this Court reverse the District Court's judgment and sentence and remand Mr. Sellers' case to the District Court for Resentencing.

RESPECTFULLY SUBMITTED, this August 16, 2023.

H. MANUEL HERNÁNDEZ, P.A.

*/s/ H. Manuel Hernández*

H. MANUEL HERNÁNDEZ
Florida Bar Number 0775843
620 East Club Circle
Longwood, FL   32779
Telephone:   (407) 682-5553
E-mail:       manny@hmh4law.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I certify that this brief complies with the type-volume limitation set forth in *Fed. R. App. P*. 32(a)(7)(B). This brief uses 14 point Times New Roman font and contains 2,813 words from the Statement of the Case up to the Conclusion.

*/s/ H. Manuel Hernández*

H. MANUEL HERNÁNDEZ

**CERTIFICATE OF SERVICE**

I hereby certify that on this August 16, 2023, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to all attorneys of record.

I further certify that I also delivered the foregoing and the notice of electronic filing by first class mail to the following non-CM/ECF participant: Craig Sellers, III, Reg. No. 20167-510, USP YAZOO CITY, P.O. BOX 5000, YAZOO CITY, MS 39194

*/s/ H. Manuel Hernández*
H. MANUEL HERNÁNDEZ

13